RIGGIN Plaintiff in Error v. COLLIER & PETTUS Defendants. in Error.

1. It is not necessary for the Supreme court to determine the proper manner in which the circuit court should allow amendments to be made.

2. Our statute in relation to damages on bills of exchange is not limited to the holders of the bills at the time they become due.

3. The courts will not take cognizance judicially, that "New Orleans" is in the State of Louisiana. There must be an averment to that effect in the declaration.

*Mullanphy for Plaintiff in Error.*

Plaintiff in error avers that the circuit court erred below in this cause, as will appear from the record, by giving plaintiff in error judgment v. defendant in error, whereas by law said circuit court ought to have given judgment for plaintiff in error and against defendants in error.

Circuit Court erred in allowing defendants in error to amend.

Circuit Court erred in overruling plaintiff in errors demurrer.

Circuit Court erred in overruling plaintiff in errors motion for a new trial.

Circuit court erred in overruling plaintiff in errors motion in arrest of Judgment.

*Spalding for defendant in error.*

1st. That the amendment was rightfully permitted by the court Revised Code 467, 4 Mis. Rep. 426. But that, at any

rate, no amendment was necessary, because the declaration was originally right, and if not the error was no variance, the initial of the middle name being no part of the name.

2nd. There is no error on the record to arrest the judgment.

3rd. That the court did right in refusing the instructions because 1, the owner of a bill has the right to fill up the blank endorsements to himself. Hunter v. Hempstead 1. Mo. Rep. 68, Wiggins v. Rectors Ext. 1; Mo. Rep. 478, 11, Peters Rep. 80, 2, and a subsequent endorsement in full does not prevent it. Chitty on bills 256, 18 John Rep. 230. 3. Nor is it necessary, in order to recover, that he should strike out the subsequent endorsement in full, though in this case it had been sticken out, 3 Wheat Rep. 172, (4 Cond. Rep. 223) 1 Summers Rep. 478, Picquet v. Curtis.

### *Mullanphy in Reply.*

The first of the objection to the amendment is the manner of its introduction, not that there would have been equal ground of exception, had a new count been filed. The bill of exception is the only and proper mode, of preserving the real state of the record, Supreme court will not interfere on mandamus to prevent violation of the record, Dixon v. Judge, 2 judicial district 284, 4th vol, mo. Rep. Again there was in fact no amendment, an amendment is the supplying or correcting a defect. The count was a perfectly good count. It wanted no correction. There was no defect to supply. The act was an alteration of the demand, a motion by plaintiff to strike out oyer and enter up judgment was undisposed of on the record. It was not withdrawn rules of court sec. 9. Judgment on verdict could not be entered up without error whilst a motion made before verdict to enter up judgment peremptorily was pending and undetermined. Therefore judgment thus improperly entered up ought to have been arrested on defendants motion to that effect. It is conceived that this point is error patent upon the record, and no motion in arrest was necessary sec. 2 moore 215 Selwyns nisi prius 955, The then holder of the bill could then by assignment of the bill convey his interest

*Margin note:* SEPT. TERM. 1840. Riggin v. Collier and Pettus.

in it. But he could not convey a right of action for statutory damages, so as to unable an assignee after presentment protest, and dishonor, to recover same in his own name, bonds and notes statutes of Mo. sec. 2, 105, P. and previous to the holders having a claim for damages, it must be proved that they purchased for a valuable consideration 98, 99. Statutes of Missouri. Bills could not be duly presented except by holder or his agent, Chitty on Bills 259. Walker v. Barnes 1. Worch 36 Chitty 221 note b. The right to damages must accrue upon presentment and dishonor or never. There was no proof that New Orleans was out of the State of Missouri, that was essential to damages, 240 last paragraph of note 9. Johnson 121, damages Sproule v. Sproule, 1; Barn and Cress. 16. Bill payable at Dublin without Stating Dublin in Ireland will be presumed payable in England, Chittys bills 5, 82, Letree v. Don. 9, Wheat 558. B. U. S. v. Smith 11 Wheat 171.

*Opinion of the Court by Napton Judge.*

McGirk Judge not sitting.

Collier and Pettus brought suit against Riggin in the circuit court of St. Louis, upon a bill of exchange, drawn by John D. James upon John E. James at New Orleans, for six thousand dollars, in favor of Thomas J. Payne, who endorsed to John Riggin, who endorsed to plaintiffs below. The declaration contained a count upon the bill, describing it as payable at New Orleans, and protested &c. for non payment, the common counts were also added.

Oyer was craved of the bill, and a special demurrer to the first count, and non assumpsit pleaded to the other counts. The plaintiffs then asked leave to amend, by changeing the name of Thomas D. Payne to Thomas J. Payne, which was granted. The defendant took a bill of exceptions to the action of the court in granting leave to amend, and the cause was continued until the next term, defendant having withdrawn his Oyer and demurrer, and pleaded the general issue to the first count. At the next term, the cause was tried and a verdict given for plaintiff for seven thousand seven hundred and ten dollars sixteen cents; and judgment

entered according.  The defendant moved for a new trial, on the ground that the verdict was against law and evidence, and moved in arrest of judgment: 1st, because the declaration was not such an one as judgment could be rendered upon in this cause.

2d. Because the whole proceedings are irregular, erroneous and informal.

3d. Because the writ, declaration, amendments, and judgment are irregular, erroneous and informal.  Both motions were overruled, exceptions were taken, and the case is brought here by appeal.

From the bill of exceptions it appears, that the bill was given in evidence, with the necessary proof of partnership endorsement, dishonor, and protest, and notice.  Below the endorsement was an endorsement in full which had been erased.  It was in these words, "Pay Edw. Duplessis esqr. cash. or order, W. C. Anderson agent."  It was proved, that said bill was at its date sold to the Commercial Bank of Cincinnati, the endorsements of Payne and the defendant being in Bank; that William C. Anderson, the agent of said Bank, endorsed it to Duplessis, who was cashier of a bank at New Orleans, solely for collection, and sent it down to him for that purpose; that when it was dishonored, it was sent back to Anderson by Duplessis, and the Commercial Bank afterwards sold and delivered it to plaintiffs.  The endorsement in full to Duplessis was stricken out, and the endorsements to Payne & Riggin were filled up afterwards.  It was proved that the plaintiffs had no interest in the bill until it was sold to them as above stated.

Instructions were asked by the defendant, calling upon the court to declare that no recovery could be had, if the endorsement by Anderson to Duplessis was an endorsement in full, while the oher endorsements were in blank, which instructions the court refused to give.

The points deemed material, are

1, The amendment;

2, The instructions; and

3, The damages given.

1. The power of amending is expressly given by the

SEPT. TERM
1840.
Statute, (Rev. Co. 35 p. 467;) and the only objection to the exercise of the power in this case, seems to be the manner in which the amendment was made. The declaration as amended only appears on the record before this court, the amendment having been made by an alteration of one letter into another. The bill of exceptions does not in terms state, that the amendment was made, but it recites that a motion to amend was made and granted, and the declaration on the record appearing to correspond with the suggested amendment, it may be fairly and reasonably inferred, that it was made.

It is not necessary for this court to determine the proper manner in which the circuit court should allow amendments to be made. It may well be questioned whether this court has any control over the records of a circuit court. The party complaining in this case, has, however, by his bill of exceptions, attained every thing which would have appeared had a new count been filed. There is no doubt the amendment was proper, and the defendant had a continuance, and pleaded to the amended declaration. He seems to have suffered no inconvenience by the course pursued in the circuit court.

*It is not necessary for the Supreme court to determine the proper manner in which the circuit court should allow amendments to be made.*

2. As the second point was not insisted on in this court, I will only observe, that the authorities cited at the bar fully sustain the instructions of the court. Hunter vs. Hempstead 1 Mo. R. 68; Wiggins vs. Rector 1 J. C. 474; 11 Peters R. 80.

3. It is contended that our statute in relation to the damages recoverable on bills of exchange, is limited to the holders of bills at the time they become due: there is nothing in the terms of the act to justify such a construction. The expressions in the act are unqualified, and we are not at liberty to resort to construction to ascertain the meaning of an act which is plain and unequivocal.

*Our statute in relation to damages on bills of exchange is not limited to the holders of the bills at the time they become due.*

But the jury in this case gave ten per cent. damages, as though the bill was payable at New Orleans in the State of Louisiana. There was no averment in the declaration that New Orleans was not within this State, and the courts of this State cannot take judicial cognizance of places without its

*The courts will not take cognizance judicially that "New*

limits.    Had there been such an averment in the declaration, the jury would have required, I suppose, but slight testimony to lead them to the conclusion that the New Orleans mentioned in the bill was in the State of Louisiana.    In Kearney vs. King, (2 Barn. & Ald. 302,) the court of Kings Bench declared that they would not take cognizance, judicially, that Dublin was in Ireland, though this case occurred subsequent to the Union; and because the declaration did not describe the bill as drawn at Dublin in Ireland, they would not allow a bill appearing to be drawn at Dublin in Ireland to go in testimony.

For this last reason, the judgment must be reversed, unless the plaintiffs will remit six per cent of the damages—in which event the clerk will enter an affirmance of the judgment.